1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DESHAME BRANCH, | ) |
|      Plaintiff(s), | )   Case No. 2:14-cv-02007-RCJ-NJK |
| | ) |
| vs. | )   **ORDER REGARDING APPLICATION** |
| | )   **TO PROCEED *IN FORMA PAUPERIS*** |
| V. LEAMAN, et al., | ) |
| | )   (Docket No. 1) |
|      Defendant(s). | ) |
| | ) |

   This matter is before the Court on Plaintiff Deshame Branch's Application to Proceed *In Forma Pauperis*. Docket No. 1. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. § 1915(a)(2). His request to proceed *in forma pauperis* would ordinarily be granted pursuant to 28 U.S.C. § 1915(a). However, in light of the discussion below, the Court will hold the application in abeyance.

I.  Discussion

   If the Court grants Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff will be required, under 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, even if his complaint is dismissed. As set forth below, the Court believes Plaintiff's claims will not survive the pleading stage. The Court will allow Plaintiff thirty days to withdraw his Application to Proceed *In Forma Pauperis*. If Plaintiff does not, the Court will grant his Application to Proceed *In Forma Pauperis*, screen Plaintiff's complaint, and order that he pay the $350 filing fee in accordance with 28 U.S.C. § 1915.

A.    Plaintiff's First and Third Claims

Plaintiff's first and third claims appear to challenge whether probable cause existed for his arrest that ultimately led to his current incarceration.  *See* Docket No. 1-1 at 5, 7.  It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence.  *See, e.g.*, *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). Where, as here, a plaintiff asserts that there was no probable cause for the arrest leading to his conviction, such claims are generally barred by *Heck* and subject to dismissal.  *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him."); *see also Haack v. City of Carson City*, 2012 WL 3962453, *6 (D. Nev. Sept. 10, 2012) (finding Fourth Amendment claim for arrest without probable cause barred by *Heck*).  Accordingly, it appears that Plaintiff's first and third claims will be subject to dismissal.[1]

B.    Plaintiff's Second Claim

Plaintiff's second claim purports to bring a cause of action under the Eighth Amendment premised on excessive force used in arresting him.  By its very terms, the Eighth Amendment prohibits "cruel and unusual punishment" against persons convicted of a crime.  *See generally* Amendment VIII; *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.1 (1977) ("Eighth Amendment scrutiny is appropriate only after the States has complied with the constitutional guarantees traditionally associated with criminal prosecutions")).  Plaintiff asserts that he was subjected

---

[1] Plaintiff also appears to challenge the propriety of a charge of prisoner battery.  *See* Docket No. 1-1 at 6.  Only conclusory allegations are made as to that issue, but it would appear to fail for the same reasons discussed herein as Plaintiff cannot collaterally challenge state criminal charges in this Court.

1  to violent treatment during his arrest, and this does not implicate the rights guaranteed under the Eighth

2  Amendment. The United States Supreme Court has found that "[w]here the excessive force claim arises

3  in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one

4  invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394. The Court held that all

5  claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest,

6  investigatory detention, or other seizure of a free citizen should be analyzed under the Fourth Amendment

7  and its reasonableness standard. *Id*. at 395.

8        Determining whether the force used to effect the arrest is "reasonable" under the Fourth Amendment

9  requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests"

10  against the countervailing governmental interests at stake. *Id*. at 396 (citing *United States v. Place*, 462

11  U.S. 696, 703 (1983). The Court's "Fourth Amendment jurisprudence has long recognized that the right

12  to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat

13  thereof to effect it." *Id*. The court must examine the totality of the circumstances, including "the severity

14  of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others,

15  and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The Court cautions

16  that reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than

17  with the 20/20 vision of hindsight and "[n]ot every push or shove, even if it may later seem unnecessary

18  in the peace of a judge's chambers" violates the Fourth Amendment. *Id*. (citing *Johnson v. Glick*, 481 F.2d

19  1028, 1033 (2nd Cir. 1973)). "The calculus of reasonableness must embody allowance for the fact that

20  police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain,

21  and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

22        In this case, Plaintiff alleges only in the most general terms that the officers arresting him "hit" and

23  "beat" him within the New York New York casino. *See* Docket No. 1-1 at 6. Such bare assertions fail to

24  satisfy the basic pleading requirements to state a claim. *See* Fed. R. Civ. P. 8(a)(2); *see also  Ashcroft v.*

25  *Iqbal*, 556 U.S. 662, 679 (2009) (conclusory factual allegations fail to state a claim). Accordingly, it

26  appears that Plaintiff's second claim will be subject to dismissal, and would only be allowed to proceed

27  upon the filing of an amended complaint that provides a significantly more detailed set of factual

28  allegations that demonstrate excessive force under the totality of the circumstances.

3

II.     Conclusion

Based upon the foregoing,

**IT IS ORDERED** that:

1.      Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 1) is HELD IN ABEYANCE.

2.      Plaintiff shall have until **June 5, 2015** to withdraw his Application to Proceed *In Forma Pauperis*.  If he does not, the Court will screen the complaint pursuant to 28 U.S.C. § 1915, recommend dismissal with leave to amend, and order Plaintiff to pay the $350 filing fee.

Dated: May 6, 2015

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

4